IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) |
| CHOATE CONSTRUCTION COMPANY INC., | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND REQUEST FOR POWELL HEARING**

COMES NOW Plaintiff Frankenmuth Mutual Insurance Company ["FMIC"] and makes the following Complaint against Defendant Choate Construction Company, Inc. ["Choate"].

**NATURE OF THE ACTION**

1. This action arises out of Choate's request for defense and indemnity in an arbitration case styled, <u>Charlotte Student Housing DST v. Choate Construction Company, et al.</u> ["arbitration"].

2. This action is brought by FMIC for purposes of seeking a declaration of its rights, obligations and liabilities with respect to attorney fees and costs paid by FMIC on behalf of Choate in and related to the arbitration.

1

## PARTIES

3. FMIC is a corporation engaged in the business of insurance and is incorporated under the laws of Michigan with its principal place of business in Michigan. FMIC is a citizen of the State of Michigan for purposes of diversity jurisdiction. FMIC is licensed to conduct business in the State of Alabama.

4. Choate Construction Company, Inc. ("Choate") is a corporation incorporated under the laws of the State of Georgia, with its principal place of business in Georgia. Choate is a foreign corporation authorized and licensed to conduct business in the State of Alabama. Choate is a citizen of the State of Georgia for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332 (a). All of the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391 because the insurance policy which is the subject of this matter was issued in Jefferson County in the State of Alabama.

7. This action is a claim for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure. An actual controversy and dispute exists between the parties to this action.

## FACTUAL ALLEGATIONS

8. Choate is a construction company. Choate constructed student housing for Charlotte Student Housing, DST ["Charlotte Student Housing"].

9. Charlotte Student Housing informed Choate that the construction work performed for it by Choate was faulty. The issues complained of included instances of:

   a) settling, shifting and cracking of the patios and porches;

   b) significant settling, shifting and cracking of concrete sidewalks, curbs, gutters and asphalt paving;

   c) multiple sources of water intrusion under the crawlspaces;

   d) tripping hazards in the form of installed plumbing pipes extending above sidewalks and patio surfaces as a result of settling; and

   e) ongoing high humidity levels and moisture reports in occupied spaces.

10. Choate addressed some of these alleged defects, but refused to repair or respond others, including the high humidity issues. This incomplete response prompted Charlotte Student Housing to file suit against Choate in Mecklenburg County, North Carolina.

11. Prior to the commencement of any legal action, Choate incurred attorney fees and costs in addressing and responding to the warranty claims made against it by Charlotte Student Housing.

12. Choate tendered its defense, based upon contractual indemnity language and additional insured status, to certain subcontractors, specifically including but not limited to 3D Air Services, LLC, and their respective liability insurers. FMIC insured 3D Air Services, LLC ("3D Air") in conjunction with another one of 3D Air's liability insurers, accepted the tender and participated in the defense of Choate in the Underlying Litigation under a reservation of rights.

13. FMIC issued a Commercial General Liability policy, Policy No. CPP6277925, with effective dates of January 15, 2015 to January 15, 2016, and a Commercial Umbrella Policy, Policy No. CPP6277925, to 3D Air with an effective policy period spanning from January 15, 2015 to January 15, 2016 (ending at 12:01 a.m.).

14. Choate selected defense counsel and paid defense counsel's submitted invoices, and then sought reimbursement from the carriers.

15. Choate moved to have the HVAC/humidity ("Humidity Claims") and soils/foundation ("Dirt Claims") claims adjudicated through arbitration. The North Carolina Court held that the claims against Choate were subject to arbitration and did in fact send the matter to arbitration.

16. Prior to the commencement of the arbitration hearing, the Dirt Claims were resolved. The arbitration thus dealt solely with the Humidity Claims.

17. Choate incurred attorney fees and costs in the process of resolving the Dirt Claims. All of these attorney fees and costs were incurred prior to arbitration.

18. During the arbitration of the remaining claims (i.e. the Humidity Claims), the Arbitration Panel held that N.C. Gen. Stat. Section 6-21.6; the Construction Industry Arbitration Rules of the American Arbitration Association; and the parties' contract, all provided authority for an award of attorney fees to the prevailing party.

19. Section 15.6.10 of the parties' contract states: "All reasonable attorneys' fees and/or legal expenses incurred by either party to enforce the terms or provision of this Agreement shall be paid by the non-prevailing party to the extent such party succeeds in any proceeding."

20. The Rules of the American Arbitration Association allow for, "an award of attorney fees if all parties have requested such an award or it is authorized by law or their arbitration agreement."

21. Choate was the prevailing party as to the "Humidity Claims". Choate was not the prevailing party as to the "Dirt Claims".

22. In its Statement of Defenses filed December 2, 2019, in the course of arbitration, Choate stated that the relief it was requesting included: "its reasonable

attorney fees and costs". Choate confirmed that it was seeking attorney fees and costs in its First Amended Answering Statement dated January 1, 2020.

23. In its Post-Hearing Initial Memorandum to the Arbitration Panel, Choate once again asserted its entitlement to attorneys' fees pursuant to Rules of the American Arbitration Association, North Carolina law, and the terms of the terms of the subject contract.

24. Choate informed the Arbitration Panel that the total of all attorneys fees and expenses that it incurred and claimed was $3,318,356.00. Choate was awarded the full $3,318,356.00 that it claimed as attorney fees and costs and was thereby fully compensated for its loss (i.e. "made whole").

25. Thereafter, a settlement was reached with Choate and certain of its insurers, one of these insurers being FMIC. Pursuant to the settlement, Choate received $3,018,356.00 of the attorney fees and costs awarded to it from the non-prevailing party, and the insurers (including FMIC) agreed to be responsible for the $300,000.00 balance of the award based on Choate's counsel's clear and unambiguous representations that the funds paid by these insurers (including FMIC) as attorney fees and costs would be reimbursed to the insurers. FMIC's share of this $300,000.00 sum was $50,000.00.

26. The insurers' (including FMIC) agreement to bear the $300,000.00 reduction in attorneys' fees and costs allowed Choate to remain "made whole".

27. In addition to the aforementioned $50,000.00 paid as its share of the $300,000.00 sum, FMIC paid $342,122.64 to, or on behalf of Choate, as Choate's attorney fees and costs.

28. Choate has received payment from the non-prevailing party to the arbitration for the same attorney fees and costs paid by FMIC. Choate has thus received and retained payment of $342,122.64 for attorney fees and costs that it did not pay.

29. To summarize, a significant part of Choate's attorney fees and costs were paid for Choate by FMIC. These same attorney fees and costs were paid to Choate by the non-prevailing party to the arbitration. Instead of forwarding to FMIC its share of the reimbursement of these attorney fees and costs, Choate has inexplicably elected to retain these funds. In other words, Choate has wrongfully retained the reimbursement of attorney fees and costs that it did not pay.

30. Choate now claims that there are additional attorneys' fees and costs that it failed to submit to the Arbitration Panel, and that it is retaining the reimbursed attorney fees and costs to cover these additional attorneys' fees and costs. This claim is factually incorrect and it is barred by the doctrine of estoppel. Choate prevailed at arbitration and informed the Arbitration Panel of its full claim for attorney fees and costs. Choate was awarded the full amount claimed. Choate

thus prevailed on its claim for attorney fees and costs and is estopped from now claiming a different sum as its attorney fees and costs.

31. FMIC paid $342,122.64[1] to or on behalf of Choate as Choate's attorney fees and costs.

## CLAIMS FOR RELIEF
## COUNT ONE – DECLARATORY JUDGMENT

32. FMIC adopts and incorporates the allegations set forth in paragraphs 1 through 31 hereof, as if fully set forth hereat.

33. Choate informed the Arbitration Panel that the total of all attorneys fees and expenses that it incurred and claimed was $3,318,356.00. Choate was awarded the full $3,318,356.00 by the Arbitration Panel.

34. Choate has been "made whole" by means of its receipt of the full amount it claimed as attorneys' fee and costs ($3,318,356.00), said sum, consisting of $3,018,356.00 paid by the non-prevailing party to the arbitration, and an additional $300,000.00 reduction given by Choate's insurers (including FMIC).

35. Because FMIC paid $342,122.64 in attorney fees and costs on behalf of Choate, FMIC is entitled to recover this sum from the $3,318,356.00 sum received by Choate as reimbursement for attorney fees and costs.

---

[1] FMIC paid an additional $50,000.00 over and above the $342,122.64. FMIC agreed to pay this sum and does not seek to recover this amount from Choate.

WHEREFORE, FMIC requests this Court enter a declaration stating that Choate has been fully compensated for all losses it suffered and further stating that FMIC is entitled and due the sum of $342,122.64, plus interest and costs, from Choate.

## COUNT TWO – SUBROGATION AND REQUEST FOR POWELL HEARING

36. FMIC adopts and incorporates the allegations set forth in paragraphs 1 through 35 hereof, as if fully set forth hereat.

37. Choate has been fully compensated for its loss (i.e. "made whole") so that allowing it to retain funds awarded as attorney fees and costs would result in Choate recovering an amount over and above the amount of its loss.

38. Choate incorrectly avers that it has not been fully compensated for its loss because it has incurred other attorney fees and costs. This is incorrect because Choate was awarded the full sum it requested from the Arbitrator Panel as its attorney fees and costs. Choate's position is factually incorrect. Furthermore, Choate is estopped from taking this position because it is contrary to the position taken by Choate during the arbitration, and Choate prevailed at arbitration.

39. Choate's stance is also incorrect because a liability insurer's subrogation interest in an insured's recovery from a third party is not reduced, under the "common fund" doctrine, by the amount attributable to the portion of the

fees owed to the insured's attorneys for their work in obtaining a recovery from the third party.

WHEREFORE, FMIC requests that the Court conduct a hearing pursuant to Powell v. Blue Cross & Blue Shield, 581 So. 2d 772, 774 (Ala. 1990), overruled on other grounds by Ex parte State Farm Fire & Cas. Co., 764 So. 2d 543 (Ala. 2000) at which the issue of the amount due to FMIC from Choate would be determined and ordered paid.

/s/ Kori L. Clement
Kori L. Clement (ASB-5125-L72K)
Attorney for Frankenmuth Mutual
Insurance Company

OF COUNSEL
Klasing, Williamson & Burke P.C.
1601 Providence Park
Birmingham, Alabama 35242
Phone: (205) 980-4733
Email: clem@harelaw.com

**Defendant will be served by Certified Mail Return Receipt Requested as follows:**

Choate Construction Company, Inc.
c/o National Registered Agents
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

/s/ Kori L. Clement
OF COUNSEL