UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FRANKENMUTH MUTUAL INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **CHOATE CONSTRUCTION COMPANY, INC.** | ) ) ) ) |
| **Defendant.** | ) |

Case No.: 2:22-cv-1534-ACA

## MEMORANDUM OPINION

Defendant Choate Construction Company, Inc. was sued in North Carolina and prevailed on some claims brought against it in arbitration. Plaintiff Frankenmuth Mutual Insurance Company ("FMIC") helped provide Choate's defense and has filed this suit seeking reimbursement of its share of attorney's fees and costs.

Choate has moved to dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. 6). Because FMIC has failed to establish this court's jurisdiction over Choate, the court **WILL GRANT** Choate's motion to dismiss.

### I.   BACKGROUND

Choate constructed student housing for Charlotte Student Housing, DST. (Doc. 1 at 3 ¶ 8). Unhappy with the work, Charlotte Student Housing initiated legal action against Choate for which Choate requested defense and indemnity from its

insurer, FMIC. (*Id.* at 1 ¶ 1, 3 ¶ 9, 4 ¶ 12). Choate later settled one set of claims in advance of arbitrating the underlying construction dispute. (*Id.* at 5 ¶ 16). When examined by the arbitrators, Choate represented that the attorney's fees and costs for the claims totaled $3,318,356. (*Id.* at 5–6 ¶¶ 21–24). FMIC paid $342,122.64 of those fees and costs. (Doc. 1 at 7 ¶ 27). The arbitrators awarded, and Charlotte Student Housing paid, Choate the full amount of fees and costs but Choate has retained these funds and refuses to reimburse FMIC $342,122.64. (*Id.* at 7 ¶ 28–29, 8 ¶ 35).

Per the complaint, FMIC is incorporated and has its principal place of business in Michigan. (*Id.* at 2 ¶ 3). Choate is incorporated and has its principal place of business in Georgia. (*Id.* at 2 ¶ 4). The incidents recounted in the complaint concern a construction project and arbitration that both took place in North Carolina. (Doc. 1 at 3–8 ¶¶ 8–31).

Choate moves to dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Doc. 6).

## II.   DISCUSSION

A plaintiff who asks the court to exercise personal jurisdiction over a defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). If the defendant files affidavits challenging the court's

jurisdiction, "[t]he plaintiff bears the burden of proving by affidavit the basis upon which jurisdiction may be obtained." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (per curium) (quotation marks omitted).

Here, Choate filed an affidavit from its director of operations explaining in detail that Choate has no affiliation with the State of Alabama and that none of the events regarding the underlying construction contract at issue in this case took place in Alabama. (Doc. 7-1 at 2–6). Thus, the burden of proving the basis of this court's jurisdiction over Choate moves to FMIC.

To determine whether the court has personal jurisdiction over a defendant, "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015) (quotation marks omitted). Here, because "Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible," both inquiries merge. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007); *see* Ala. R. Civ. P. 4.2(b).

There are two categories by which a court can assert personal jurisdiction over a defendant: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014). In its response, FMIC asserted this court has general jurisdiction over Choate and expressly declined to argue that Choate is subject to

this court's specific jurisdiction. (Doc. 10 at 8) (distinguishing a case relied on by Choate because the case dealt with "specific jurisdiction, rather than general jurisdiction as being asserted by [FMIC]"). Because FMIC does not contend that the court has specific jurisdiction over Choate, the court need only consider whether it has general jurisdiction over Choate. *See Carmouche*, 789 F.3d at 1204.

When a court has general jurisdiction over a defendant, it "may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017) (quotation marks omitted). But only "a select set of affiliations with a forum will expose a defendant to such sweeping jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quotation marks omitted). General jurisdiction exists when a corporation's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (quotation marks omitted).

In almost all cases, a corporation is only subject to general jurisdiction at "its place of incorporation and principal place of business." *Ford Motor Co.*, 141 S. Ct. at 1024. But in "an exceptional case" a corporation could be considered at home outside its state of incorporation and the state where its principal place of business is located. *Waite*, 901 F.3d at 1317 (quotation marks omitted). For a corporation to

4

be subject to general jurisdiction outside its state of incorporation and principal place of business, "the corporation's activities in the forum [must] closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Id.* at 1318 (quotation marks omitted).

Because Choate is incorporated and has its principal place of business in Georgia, only an exceptional case would allow it to be subject to general jurisdiction here. FMIC contends that this court has general jurisdiction over Choate because: (1) Choate is a licensed general contractor with the State of Alabama; (2) Choate is registered with the Alabama Secretary of State to conduct business in Alabama; (3) Choate has a registered agent for service of process in Alabama; (4) Choate has sued and been sued in Alabama; (5) Choate has been hired in Alabama as a general contractor five times since November 2021; and (6) Choate has one employee that resides in Alabama. (Doc. 10 at 2–3; *see* docs. 10-1, 10-2, 10-3, 10-4, 10-5, 10-6, 10-7). No evidence that FMIC has provided is sufficient to establish this court's general jurisdiction over Choate.

First, as Choate points out, the Eleventh Circuit has held that a company's "registration to do business and . . . maintenance of an agent for service of process" in a state does not render the company at home there. *Waite*, 901 F.3d at 1318. And because "compliance with a state's bureaucratic measures" does not render a corporation at home in that state, *id.* (quotation marks omitted), Choate's licensure

5

as a general contractor in Alabama also would not render it subject to this court's general jurisdiction.

Being sued in Alabama likewise does not establish this court's general jurisdiction because defending litigation in a state is compulsory where the court has jurisdiction. Therefore, the two referenced lawsuits filed against Choate in Alabama (*see* docs. 10-5, 10-6), only show that Choate has done construction projects in Alabama in the past.

Next, if conducting a small portion of its business in a state was sufficient to subject a company to general jurisdiction there (*see* doc. 7-1 at 5 ¶ 16) ("Choate has worked on eleven projects located in Alabama in the company's 31-year history."), the doctrine would lose its bite entirely. *See Daimler AG*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Many companies conduct business in all fifty states and yet remain "at home" in only one or two. *See Daimler AG*, 571 U.S. at 139 (finding a company was not subject to general jurisdiction in a state where the company's "sales [were] sizable"); *Waite*, 901 F.3d at 1318 ("[E]ven substantial, continuous, and systematic business is insufficient to make a company at home in the state.") (quotation marks omitted).

Finally, that a single Choate employee lives in Alabama out of Choate's over five hundred employees (doc. 11-1 at 3) does not demonstrate that the court has

6

general jurisdiction over Choate. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 406, 414 (2017) (finding a corporation was not subject to general jurisdiction in Montana when more than 2,000 of its employees resided there because the Montana-based employees constituted less than five percent of the corporation's workforce and general jurisdiction "calls for an appraisal of a corporation's activities in their entirety").

FMIC contends that Choate has purposely availed itself of the benefits of conducting business in Alabama such that it should be foreseeable that Choate could be sued in Alabama. (Doc. 10 at 7). But that analysis applies only when examining specific jurisdiction, not general jurisdiction. *See Daimler AG*, 571 U.S. at 126–27 (explaining the difference between specific and general jurisdiction). To establish that Choate is subject to general jurisdiction in Alabama, FMIC was required to prove that Choate's business was so connected to Alabama that it was essentially "at home" here. *See Waite*, 901 F.3d at 1318. FMIC has not done so. Accordingly, the court finds that it does not have general jurisdiction over Choate.

### III. CONCLUSION

For the reasons explained above, the court **WILL GRANT** Choate Construction Company, Inc.'s motion to dismiss for lack of jurisdiction.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this March 28, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE